IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROALSTON STEVENSON KINGSTON,** | : | CIVIL NO. 1:20-CV-370 |
| | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **FIDEL CLARK,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff Roalston Stevenson Kingston ("Kingston"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Kingston also filed a motion for leave to proceed *in forma pauperis*. (Doc. 7). Named as defendants are Fidel Clark™, his DC-14, DC-15, and DC-16 files and medical records, the Commonwealth of Pennsylvania, the Philadelphia Police Department, District Attorney Lynn Abrahams, Assistant District Attorney Anthony Voci, Judge M. Teresa Saramina, Clerk of Court Natasha Lowe, Prothonotary Joseph H. Evers, Attorney Jay Gottleib, Attorney Deborah Rand, Detective Gregory Redden, SCI-Huntingdon, Hearing Examiner Ms. Himes, Hearing Examiner S. Ellenberger, thirty-one (31) correctional officers, Charles Mitchell, Pharmatech Laboratory, Health Care Administrator Paula Price, Smart Communications, and

Superintendent Kevin Kauffman.  An initial screening of the complaint has been conducted and, for the reasons set forth below, the court will dismiss the complaint.

I.      **Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2]  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

1915(e)(2)(B), 28 U.S.C. § 1915A(b).  This initial screening is to be done as soon as practicable and need not await service of process.  See 28 U.S.C. § 1915A(a).

## II.  Allegations of the Complaint

Kingston asserts that he filed this action under the admiralty jurisdiction of Rules 1, 2, 8(A), 9(B)-(H), 14(c), 17(A), 82, and 83, and 28 U.S.C. §§ 1333, 1343, and 1390. (Doc. 1, at 2).  Kingston identifies himself as a debtor, chattel, vessel, secured party creditor, and as Fidel Clark™.  (Id.)  He makes several references to private contracts and Uniform Commercial Code ("UCC") Financing Statements.  (Id.)

In 2002, Kingston was charged with various felony offenses in the Court of Common Pleas of Philadelphia County.  See Commonwealth v. Clark, No. CP-51-CR-0206591-2003 (Phila. Cty. Ct. Com. Pl.).  In 2004, Kingston was convicted of the offenses and sentenced to a term of life imprisonment.  (Id.)  Kingston appears to believe that his incarceration is a type of contract that he did not sign and that defendants have engaged in "fraudulent foreclosure proceedings against his private property/chattel/vessel: Fidel Clark™."  (Doc. 1, at 12-14).  Kingston further avers that he filed a UCC Financing Statement, naming Roalston Stevenson Kingston as a secured creditor.  (Id. at 13-14).  Kingston appears to allege that the UCC Financing Statement created a new contract that renders the contract for his incarceration unenforceable and he asserts that defendants are illegally detaining him.  (Id.)  For relief, Kingston seeks immediate release from custody and damages.  (Id. at 2, 16).

**III.    Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  See also Barna v. City of Perth Amboy, 42 F.3d 809, 815 (3d Cir. 1994).

"As a rule, habeas petitions and § 1983 complaints are not 'coextensive either in purpose or effect.'  Where a state prisoner seeks to attack the fact or duration of his conviction or sentence, he must seek relief through a habeas petition, not a § 1983 complaint."  Rushing v. Pennsylvania, 2016 WL 25579, at *2-3 (3d Cir. 2016) (quoting Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002)); see also Strickland v. Washington, 466 U.S. 668 (1984).  "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be

unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-487. When a state prisoner seeks damages in a § 1983 suit, the district court must evaluate whether judgment in the plaintiff's favor would necessarily imply the invalidity of his or her sentence. Id. at 487. If it would, and the sentence has not already been invalidated, the complaint must be dismissed. Id.

In the complaint, Kingston appears to collaterally attack his conviction and sentence imposed by the Philadelphia County Court of Common Pleas. He asserts that his incarceration is a "contract" and that defendants "fraudulently foreclosed" on him. (Doc. 1, at 5-6). He alleges that he never entered into a contract with defendants and, as such, his incarceration is illegal. (Id. at 13-14). Because Kingston challenges the duration of confinement and seeks release from custody, such relief is not available *via* § 1983. Furthermore, to the extent that Kingston seeks damages, a favorable outcome on the damages claim would necessarily imply the invalidity of his criminal conviction. Consequently, Kingston's § 1983 claim

5

cannot proceed until his conviction and sentence are invalidated through a habeas corpus action or some other appropriate means.  Therefore, the complaint must be dismissed.

## IV.  Leave to Amend

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Kingston.  See Erickson v. Pardus, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile."  Phillips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).  Based on the nature of the allegations, it is clear that affording Kingston leave to amend would be futile.

## V.  Conclusion

Based on the foregoing, the court is confident that service of process is unwarranted in this case, and the complaint will be dismissed.

       /S/ CHRISTOPHER C. CONNER
       Christopher C. Conner, Chief Judge
       United States District Court
       Middle District of Pennsylvania

Dated:      April 16, 2020